This is an appeal from an order of the superior court admitting a will to probate.
February 2, 1937, Fred Bernhard, then approximately eighty years of age and in failing health, executed his last will and testament, in which, after providing that his just debts and funeral expenses should be paid out of his estate and naming George Baydo as executor of the will, there was a residuary clause which gave "to George Baydo, all the rest and residue of my said property, both real and personal, and wheresoever situated." The will was signed by three persons as witnesses, one of whom was the doctor who attended the testator for *Page 547 
about a month prior to his death, which occurred February 12, 1937.
The supervisor of the inheritance tax and escheat division of this state objected to the probate of the will, taking the position that the will was not valid because the testator was without capacity to make it and was acting under duress. So far as it appears in the record, the testator had no heirs, and the supervisor of the inheritance tax and escheat division was seeking to have the estate escheated. The present record shows the amount of the estate to be a fifteen hundred dollar deposit in a bank.
[1] The questions raised by the supervisor were tried to the court and resulted, as above stated, in an order admitting the will to probate. Upon the trial, each of the two subscribing witnesses, other than the doctor, testified, unequivocally, that the testator, at the time the will was executed, was in his right mind and was not acting under duress or undue influence. The doctor testified as follows:
"Q. Can you say from your conversations that he was in a sane state of mind? A. He was. Q. And was fully aware of what he was doing? A. I don't think there was any doubt about it."
The evidence offered in support of the objection to the probate of the will in no sense overcomes that of the witnesses mentioned. The trial court, after hearing all the evidence offered, made this observation:
"The outstanding fact is the witnesses to the will testified he was of sound mind when he made the will and not acting under undue influence. Dr. Rummel, who attended him, was a witness to the will, and he says that the deceased was of sound mind when he made the will and knew what he was doing. In the face of that positive testimony I do not feel I would be justified in refusing the admission of the will to probate. . . ." *Page 548 
The questions presented are purely ones of fact, and it would serve no useful purpose to review the evidence in detail. It is sufficient to say that, after reading and considering all of the evidence, we are of the view that the trial court properly sustained the probate of the will.
The order appealed from will be affirmed.
STEINERT, C.J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.